SULLIVAN GRANITE CONSTRUCTION CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8790.    Promulgated April 2, 1927.

*Samuel Freedman, C. P. A.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income tax for the years 1920 and 1921, as follows:

| | |
|---|---|
| 1920 | $2,273.41 |
| 1921 | 3,601.01 |
| Total | 5,874.42 |

The deficiencies result from the action of the Commissioner in amending the petitioner's income and profits-tax returns for the years in question from reported net losses to net gains upon the basis of computing the gains at 7 per cent of the bank deposits.

### FINDINGS OF FACT.

The petitioner is a Massachusetts corporation with its office and place of business at New Bedford. It is engaged in the business of crushing stone and sale of crushed stone, sand, and gravel. Its capital stock was $50,000. Its income-tax returns for 1920 and 1921 show net losses of $7,463.34 and $20,191.87, respectively. On January 9, 1922, the plant suffered a fire and the petitioner's books of account were burned.

The petitioner's tax returns for 1920 and 1921 were compiled by an attorney from figures furnished him by the bookkeeper. The figures for 1920 were taken directly from the petitioner's books. The figures for 1921 were obtained from a bank in which the petitioner deposited its receipts and on which it drew checks in payment of all accounts.

A revenue agent in attempting to verify the returns made for the years in question learned that certain items which should have

been capitalized had been charged to expense and also that certain discounts received had been deducted as expense, as follows:

1920.

| | |
|---|---|
| Crusher purchased—deducted as material | $2, 236. 39 |
| Automobile purchased—deducted as material | 1, 100. 00 |
| Motors and drills—deducted as repairs | 1, 685. 00 |
| Discounts received—deducted as expense | 372. 50 |
| | 5, 393. 89 |

1921.

| | |
|---|---|
| Automobile—deducted as material | 1, 650. 00 |
| Discounts received—deducted as expense | 580. 83 |
| | 2, 230. 83 |

The revenue agent discussed the correctness of the returns with the petitioner's accountant and, as a result of such discussion, determined that the net income should be computed at 7 per cent of the total banks deposits, which amounted for the year 1920 to $182,375.40, and for the year 1921 to $221,479.73. The Commissioner has determined the deficiencies upon the basis recommended by the revenue agent and has determined a net income for 1920 of $12,766.28 and for 1921 of $15,503.58.

The revenue agent's report shows a surplus at January 1, 1920, of $6,749.46 and at December 31, 1920, of $1,096.30. The petitioner paid a cash dividend in 1920 of $5,000, and cash dividends in 1921 of $10,000. It paid salaries to its two principal officers of $10,400 in each year.

OPINION.

SMITH: The original returns of the petitioner for the years 1920 and 1921 were clearly in error. Certain capital expenditures were charged to expense and deducted from gross income. The petitioner's books of account relating to the years 1920 and 1921 were destroyed as the result of a fire on January 9, 1922. Although the petitioner reported net losses for the years 1920 and 1921 of $7,463.34 and $20,191.87, respectively, the respondent has determined net income for those years, based upon a percentage of bank deposits, of $12,766.28 and $15,503.59, respectively. Although we are satisfied that the original returns are incorrect, the method of determining net income used by the respondent appears to have been entirely arbitrary.

The deficiency notice sent by the Commissioner to the petitioner under date of September 17, 1925, shows that the petitioner's surplus, determined by the revenue agent, at January 1, 1920, was $6,749.46

and at January 1, 1921, was $1,096.30. During the year 1920 the petitioner paid a cash dividend of $5,000. This is some indication that the dividend paid during the year was out of surplus and that the petitioner did not operate at a profit during the year. The petitioner's income-tax return for 1920, as above indicated, showed a net loss of $7,463.34. The respondent has been able to detect errors in the return of $5,393.89. The net loss was overstated therefore by the amount of $5,393.89. The correction of this error would not indicate that the petitioner operated at a profit during the year 1920. It paid salaries to its two principal officers of $10,400. We are of the opinion that it had no net income for 1920.

Although the petitioner after the destruction of its books of account in January, 1922, obtained from the bank in which it deposited its funds the amount of its deposits and the checks drawn against them, the pay roll, the interest paid, and notes paid, none of this evidence has been submitted to the Board. The petitioner's return for 1921 shows that dividends were paid during the year amounting to $10,000. Since the petitioner had practically no surplus at the beginning of the year and since dividends must be assumed to have been paid out of earnings, there is reason to believe that the petitioner had a net income for 1921. The respondent has determined the net income for the year to have been $15,503.58 and in the absence of competent evidence showing that the net income was a different amount or that there was no net income the determination of the Commissioner as to the deficiency for the year 1921 must be and is sustained.

> *Judgment will be entered on 15 days' notice, under Rule 50.*